2-19-0326 Enraged Marriage of Suzanne A. Anders Petitioner's Power Respondent, Kathleen, and Brian S. Anders Respondent, Petitioner Accountant, arguing on behalf of the Accountant, Mr. David C. Adams, arguing on behalf of Kathleen, Mr. Daniel S. Packard. Mr. Adams, you may proceed. This is the most interesting Anders brief I've ever read. Well, you know what they say, Judge, sometimes the sequel is better than the original, so we're hoping for that. Is this case simply about an exercise of discretion by the trial court insofar as granting interest, and if so, in what amount? No, Judge, I believe, and as I urged in the brief here, that this is subject to de novo review, because I believe that there's a purely legal question involved here. First of all, whether the doctrines of res judicata, the law of the case, precluded the trial judge from over a year after she had entered her final judgment as amended by her order, granting to a certain extent Suzanne's motion for reconsideration. And after this court had already considered an appeal, and the case had come back, and was remanded, and I'm not, excuse me, not remanded, after the mandate was revalidated. That applies only when there has been a liquidated amount, which can be, through supplemental or other proceedings, realized. And until such time as a rate of interest was declared, I don't know how the product of the rate times the principle could result in a liquidated amount of damages such that res judicata would apply. Well, here, Suzanne's property award was fixed in the judgment, and so when we're talking about interest here, the judge, should she have decided that she wanted to award discretionary interest, could have done that. The amount, the amount that was due on the property award was liquidated in the judgment. It was 5 point, I have the exact number. 5.3 something. Yeah, 5.3 something million dollars. And so if the judge had decided that she wanted, and again, and I stress this in the brief, and I just say it here briefly. Never at trial, never in any of the pleadings, never in the post-trial motion, and never, and I'd like to address this, which is the argument that was made by opposing counsel, during the September 22nd, 2016 proceedings on the bond, was this issue of discretionary interest brought up. She said, no, she said, I'm paraphrasing, that the stay understands that interest could and would be imposed, and she only thought this was going to take a year. It took 27 months. Well, what she had said, and I have a direct quote here from the record, and this is at pages R2477 through R2478. And this was, okay, and then what had occurred prior to that was Brian's counsel, trial counsel, Brian's trial counsel, excuse me, Suzanne's trial counsel, had taken the position, and had actually filed motions to this extent, and had said that they were entitled, and they had taken the position consistently, up until the point that we're here today, and in this appeal, that they were entitled to automatic interest under 2-13. 0-3 of the Code of Civil Procedure. We're all now on the same page, that Finley and his progeny, I believe, applied here. And then in response to that, this is what the trial court judge said. Again, this was on pages R2477 through R2478. The court, I respect your opinion on this. I disagree. Oh, Mr. Rosenfeld, sorry, his name dropped out of my memory. Okay, it was Mr. Rosenfeld. And then, I respect your opinion on this. I disagree. I think that I am just setting reasonable interest on this, not judgment interest. This is not a judgment on the money. It has not gone to that step yet, which it could, perhaps, have happened in a post-decree matter, but that's not right before us now. So what I'm going to do here is just add another $200,000 on with the expectation that this could go longer. Later, the judge says, so that will be the bond on this matter, and we will proceed accordingly. Now, what had happened was is they had taken the position, and they had filed motions to try and obtain a judgment and to get this sketched or interest, which they subsequently dropped. They never actually prosecuted one of those to its full extent. And so the judge could have awarded such interest prior to it. But the fact that she didn't, how is, I mean, why couldn't she do it later? I mean, she could have done it then. I agree. But she didn't know how long this was going to take. She didn't know what the result would be. And so why can't she wait until she knows how long it's going to be and she knows what the result is? Well, I think that's a good question, Judge. I'd say for a number of reasons. First of all, in In Re Marriage of Polsky, which was cited by Brian in his brief, the reviewing courts held that, quote, courts allow interest to encourage a judgment debtor to pay the judgment without undue delay, end quote. And I think that this speaks to the due process arguments. The whole point of having this interest, as the Polsky court said, is to encourage the judgment debtor to pay off the debt. Okay? But due process, I think, dictates that Brian should have been put on notice. In fact, if you look into Section 2-1303, which Finley says doesn't apply, it says that a judgment debtor can pay off the judgment amount and thereby avoid the interest that would occur during the passage of an appeal. But he had that option. Yes. And he chose not to. I mean, it had to be paid within 60 days. He didn't post that bond right away. Correct. And then she, Suzanne, goes after him through counsel to collect on that amount, at which point he now comes up with the bond because he now knows that this is serious. Well, Brian posted the bond right at the very beginning. So there was a bond. Suzanne was 100 percent secure during this entire ‑‑ during the entire course of the first appeal. But he didn't have a stay until ‑‑ he still had to pay within 60 days. Correct that. He still had to pay the judgment. He had to pay the judgment, and then before the judgment, before we ended up here on appeal, what had happened was there were two notices of appeal that were filed, and then we had filed our bond motion. The judge didn't want to redo the whole thing, so we proceeded on that motion. But he had posted that bond within the time that was required. But I think the important thing that I wanted to get back to, to the first part of your question here, is you're saying, well, you know, he could have paid this off and avoided the interest. But what interest? I mean, Brian couldn't ‑‑ Brian was in no position to be able to tell what would the judge ‑‑ again, when you're talking about this is a discretionary matter here, Brian was not put on notice as to what exactly he would have to pay. And, Judge, I think that's what animates our notions of due process, is that people should be able to see what their obligations might be in a situation like this and report their behavior to that situation and be able to avoid having to pay that. And here, the extent of that obligation was never made whole. And I would add that in a couple of the cases that I cited here in the brief, and I believe one of them was in Allness, and that's in remarriage of Allness, A‑H‑L‑N‑E‑S‑S, 229 Nill Ave. 3rd, 761‑1992 case. The trial court, in its disillusioned judgment, awarded the former wife $70,000 payable in 10 installments, 10 annual installments of $7,000. The judgment there provided there would be no interest on the $70,000 unless the late payments occurred, and then interest at a rate of 8 percent would become owing on the late installments. In that situation, the husband in that situation could know, hey, this is going to be my obligation if I don't pay these things. And I think that that's the better way. But he might have had no obligation if this court found that he didn't owe $5.3 million or owed less than $5.3 million. This is a risk he took, isn't it? Well, I would suggest that there wasn't a risk there because, first of all, I think that the judge should have imposed that obligation in the judgment there. Let's think about this for a moment here. Finley essentially... I have to. No. Forgive me. I'm just talking sort of extemporaneously here. And, you know, appellate court judges always, they never let you stay to your script. And that's great. Sorry. No, no. Please, please. So Finley essentially knocked out Section 2‑1303, the judgment interest provision, and, therefore, right now there is no statutory provision for that. All that you've got here for postjudgment award of fees in matrimonial matters that are not child support or maintenance. Okay. I've qualified all that out. Thus, I think it can be argued that you need typically, especially when you're acting... One of the things that the trial court judge did here is she likened her actions to that of awarding appellate fees after an appeal has been completed to whoever the victorious party is pursuant to Section 508 of the Divorce Act. But here that's a specific statutory provision. Now, Finley said, hey, 2‑1303 doesn't here apply. So typically, you know, and again, all these proceedings in divorce are statutory by nature. And I cited a case that discusses that. You cannot go beyond the dictates of the statute. It is a creature of statute. A court's not just acting with its general equitable powers here. So if that's the case, what's the statute then? What's the authority then for doing this? Now, Finley says you can do it, but I would submit if that's the case then, it should be done within the context of the judgment to give the judgment debtor the opportunity and notice to be able to ‑‑ Then why did you file the notice of appeal? Why did I file a notice of appeal in the prior appeal? Your client did file an appeal, did he not? Yeah, he did. Of course he did. He filed the appeal because he disagreed with the judgment. What you're saying is that it wasn't a final judgment because there was never a declaratory statement as to what the amount of the interest was supposed to be. You're taking it as a negative pregnant and assuming that since there was never a rate discussed, even though there was discussion about the fact that there needs to be 200 or X amount of dollars because there's going to be interest or there could very well be interest and you put up a bond to make sure that supposedly it was going to cover the costs and supposedly your agreement to these things would infer or imply that the issue is not resolved and therefore if the issue isn't resolved as you claim and now ratio to CADA applies, then theoretically it would seem, logically at least, that it was never a final judgment because it was never either granted or denied. It was neither set nor not set. So therefore it wasn't an appealable order. No, sir, that's not what I'm saying. What I'm suggesting here is they had an opportunity to ask for that. Any matrimonial litigant has an opportunity to ask for certain things. They can ask for maintenance. They can ask for child support. Look, you're going off on a tangent. Yes, you are because you're talking about the parties can do. The parties cannot grant this court jurisdiction. We either have or we don't have jurisdiction. Either that was a final judgment or it wasn't. It was a final judgment. If it was a final judgment, how did it finalize the issue of interest? It didn't. It did in the sense that they didn't ask for it and, therefore, they're precluded, and, therefore, there is no judgment, there is no interest awarded the same way. But he did offer it. With all due respect, what I was trying to make the point earlier was is that, for example, a spouse doesn't ask for maintenance and a judgment's entered and there's no maintenance in it, then the maintenance interest is precluded. They can't come back later and do that. Likewise, the same situation exists here with the interest is what I'm suggesting. And so, with all due respect, Judge, I think that's what I'm saying here. And, thus, we could, of course, appeal from the first one. What I'm saying is they didn't ask for it. They foregone. They asked for interest. They were denied interest. They were denying the statutory interest because, supposedly, this was supposed to be not a money judgment. It was supposed to be a property settlement. And so when you talk about they didn't ask for it, they did ask for something, and they were denied that. They could have cross-appealed that if they wanted to, but until such time as the issue was resolved as to whether or not there was or wasn't going to be interest on a non-money judgment, that wasn't a final order, at least according to your argument and your rationale and your claim that this is race to the job. Judge, I think you've restated what my argument is into something that it isn't. What I'm suggesting is is that it's like maintenance. They didn't ask for it. They don't need it. They did ask for it. They were denied it, at least under the theory that they quote-unquote were given. They were given an alternative relief or an alternative remedy by the trial court, and the trial court's ruling as to whether or not there was going to be a bond, whether the bond was going to be for X amount of dollars, the $5.3 million, or whether it was going to be for additional interest. Judge, that's just simple. The judge made it very clear that what they were doing is, in those September 22 proceedings, was setting the motion on the – setting the bond on the judgment there. That's true. But what isn't made eminently clear is a resolution of the entire issue of interest. And, therefore, if there isn't an entire resolution, it's not a final order. And if it's not a final order, we shouldn't have entertained the appeal. So either we were right then and you're wrong now, or you were wrong then, and maybe you're even wrong now. Well, Judge, I was – I'm not going to be – And we should have the judge declare what the amount of interest is, the rate, the length of time, the amount of bond, and then it can come back up here and we can play the appeal game on your $5.3 million property settlement all over again. Because unless it was a final order, we didn't have jurisdiction. If we don't have jurisdiction, it's void. So either it was, quote, unquote, a final order or it wasn't. So what is it? Was it a final order? I believe that it was a final order, and I believe. And how did it – how did the court make a declaration, a definitive judgment as to whether or not interest was allowed or not? The judge didn't make a definitive statement with respect to that because the issue wasn't properly brought before them by the other side, and thus they're – Judge, respectfully, to be – I mean, I know that you're asking a question here, but it's my position that when the judgment was entered, they didn't ask for that relief. That needed a final judgment. The fact that they didn't ask for any other verdict. No, it doesn't work that way. There are at least three verdicts, guilty, innocent, and not proven. And the thing is, in this instance, this is not proven. You haven't proven the negative. All you've proven is that the relief they requested was denied. You haven't established that the other relief that she was talking about, the trial court was talking about, was granted or denied. And there's evidence in the record that indicated that she contemplated granting it. So there's nothing in the record to indicate that she adjudicated whether or not there was going to be interest on a non-money judgment, and if there was interest, whether it was going to be granted or denied, and the rate and the length of time, et cetera. So until that's entered, it's not a final judgment because those issues were still before the court. Or are you claiming they weren't before the court? Because if you are, you're claiming that your argument, that it wasn't a money judgment, wasn't made because apparently she ruled on that issue, didn't she? She ruled on which particular issue? She ruled on your claim that it wasn't a money judgment and, therefore, 9% wasn't applicable. And, therefore, the next or counteroffer was you're going to apply some sort of interest because it's a non-money judgment. But the judge also said that she was waiting for some sort of, I read you that quote. And if she's waiting for it, doesn't that mean she hasn't made a definitive judgment yet? But then at that point, that was prior to the entry of her order disposing of Suzanne's post-judgment relief. So we have an order that hasn't disposed of a definitive issue. But then at that point, when she entered her order disposing of Suzanne's motion to reconsider, and they didn't bring it up at that point. In fact, they filed other motions which they withdrew. They can't make a final, a non-final order final. But if they decided to forego that issue. If there was a pending motion that hasn't been resolved in the trial court, we do not have jurisdiction unless they're 304A language, and that language actually applies, meaning that it's a claim and it's severable when it's final and appealable. I do have a question about this particular appeal. Didn't your client, when he offered this bond for purposes of appeal and a stay, didn't he indicate that he understood or offered to pay interest? I don't believe so, Judge. And I created, there's an entire long argument all within the reply brief that speaks to that. And again, if you, I know that my time here is close, but first of all, I'd note that the September 22nd order never mentioned interest, be it discretionary, six and a half percent or otherwise. Second, I would recall that Brian's motion for stay on appeal, which is located at pages C1684 through 87, asked the quote to quote, asked quote, to stay the portion of the judgment of dissolution of marriage entered on October 30th, 2016, requiring him, meaning Brian, to pay Suzanne the sum of, and it goes on to state that. All that was asked for was to set the amount of that bond. So the suggestion that my client actually asked to set the interest here, I mean, I think that. Well, he, I thought, didn't he just agree to pay some interest? I don't believe that he did it, Judge. I went through here. He didn't ask for that. And then third, I mean, where did he offer that? And I outlined what the two comments were that Brian's trial counsel made during there. Indeed, I attached the transcript in the back of the reply brief. So. Didn't he post a significantly higher bond than the amount of the property settlement, property judgment, excuse me? Yes, the judge wanted it to post another $200,000. And what was that for? It's not clear to me what that was for. $200,000 is okay? That's on the house? It could have been, no. I mean, she could have come back and sought appellate fees after that. But where is there any statutory authority to put money aside in an appeal in the event that, though no one has raised appellate fees, that that's what that money is for? Isn't the reasonable inference it was for some interest? And that's tantamount to an agreement? Well, given what occurred at the proceedings there, I don't believe that that's the case. And I can't speak to why the judge wanted to add that. If you look at the transcript, she said. But you agree to it. There was no objection to that additional amount of money. No, I don't believe that Brian's counsel, Trout counsel, no. The transcript doesn't show any disagreement to that. It doesn't show that, yes, we're agreeing that that's going to be interest. It doesn't talk about it. It doesn't speak to that. So I don't think that we can just sort of say that that somehow implies or otherwise shows its acquiescence to that. I can't speak to that. The judge came out and suggested the number right there at the beginning. Brian only asked for it to be in the amount of what the property award was. You did not appeal the ruling the trial court made to this court to seek a lesser amount of bond. Is that correct? Did I appeal what the amount of bond was? Did Brian appeal the trial court's order relative to setting the amount of the appeal bond to this appellate court as you have, I believe, the right under the rules to seek either a reduction or in the event that a bond is denied in the trial court to seek a bond in this court based upon just and equitable grounds? Rule 305 does permit someone, if they were denied a bond in the first instance by the trial court to come here. The judge set that bond. We did not seek a review. We did not seek to have that bond changed by this court. That's true in filing a motion pursuant to Rule 305 of the appellate court. No other questions. Thank you, Leigh Ann. You will have the opportunity to make rebuttal. Mr. Clapman, is there anything you want to add? There are a few things I think are worth adding. Clearly, may it please the Court, and obviously I represent Suzanne, I'm not going to get into too much because clearly you are well-versed. But what I think is very important to bring to your attention are a few things. We may be well-versed, but I can't hear you very well. So could you speak up a little? Yes. Thank you. I apologize. There are six issues raised on appeal. And we're here basically because of the objection to any interest. I'm going to go off script. There's an objection to any interest being awarded whatsoever. But I thought if there was going to be interest, they said the most appropriate would be treasury bond. They did, Judge. So is that a denial? You're still calling that a denial? In the appeal, the position that they are taking is that they objected in April. Sorry, they objected in January. When this court sent the mandate back to the circuit court, there was a motion by Suzanne to draw the letter of credit, obtain the award, and the interest that was included in that letter of credit in the bond. There was an objection to any amount being drawn or allowed to Suzanne above and beyond the award, despite the fact that it was agreed to that the anticipated interest  That objection. Are you suggesting maybe that that was probably an inconsistent position? I am. Both the record and whatever the record might imply was in agreement, insofar as your client receiving those funds in the event that she prevailed? I am. That goes right to our argument on judicial estoppel. We believe that Brian, that the appellant, should be judicially estopped from any argument that Suzanne is not entitled to interest. So the way we see it in that regard is that by offering interest, and I think what might be appropriate here is for me to look at that September 22nd hearing. Clearly, this court has focused on it and has realized that that is an important issue because what we have here is an issue on interest, and we need to look at what the trial court did in regards to interest prior to the first appeal. And what the court did on September 22nd was have a hearing on the issue that you mentioned, discretionary or reasonable interest versus mandatory, as you noted, which was requested by Suzanne's trial counsel. And the court had a hearing on it, the court had a ruling on it, and actually ruled in the appellant's favor in regards to that issue, saying, yes, you're right, reasonable interest. And the court found that there would be a reasonable interest. So in support of the motion to stay, we are hearing what's being painted a picture by appellant's counsel as something completely different than what actually happened on September 22nd. I'd like to go into what happened on September 22nd. His point is that it was waived. Basically, his argument is that by not pursuing it at that point, it was, in effect, waived. Right. But by arguing that it was never pursued, the appellant is completely ignoring what happened on September 22nd. Because on September 22nd, the issue of interest was raised and a ruling was made in regards to discretionary versus mandatory statutory interest of 9 percent. The judge made a ruling that interest would be included in the bond to account for anticipated interest at 6.5 percent for 12 months, with the specific understanding that the appeal could last longer, keeping that issue open. So is that your position, where the $200,000 figure came from? Yes. The judge actually clarified on the April 10th, 2019 hearing, in which the judge heard the motions on interest, which she directed the parties to file. And she clarified what happened on the September 22nd hearing, making it very clear that I calculated 6.5 percent interest for 12 months, with the understanding that it could be longer. The picture that's being painted of what happened on September 22nd is completely different from what happened in reality. And what happened in reality was the court ruled on it and looked at it. And not only did the court rule on it, the parties had an opportunity to argue it. The judge did a hearing on it and took care of what the issues were. The case started on September 22nd on the motion to stay pending appeal. It was opened up by trial counsel for the appellate, Mr. Grund, who started by saying, I am willing to post a bond, my client is willing to post a bond, I'm quoting, quote, willing to post a bond of $5.5 million, which would cover the cost of the amount of judgment, including any anticipated interest. That's page 4 of the transcript, line 18 to 22. Opened it up by offering interest. So to argue that there was never a hearing on interest is crazy. The argument came on from Susanette's counsel, seeking mandatory 9% interest. The judge heard argument on it. It went back and forth. Mr. Grund, for the appellate, made very clear. He recited from Rule 305. He acknowledged that the bond or the other form of security shall be sufficient to cover the amount of the judgment and costs, plus interest reasonably anticipated to accrue during the pendency of the appeal. Where does she say 6.5 during that hearing, September 22nd? In that hearing, she does not set that number. She clarifies only on the April 10th, 2019 hearing, that that's what her thoughts were at that time. But you're saying that when she calculated or when she talked about a year and came up with an approximate figure, that was 6.5? She did it on the basis of 6.5? According to the way she described her ruling of September 22nd, 2016, yes. That's what she said. She stated in April, that's how I came up with my ruling in September. But yet you had, didn't you have like a two-day hearing, ultimately, on the issue of interest because there were all sorts of experts about what could be invested? No, there was a motion filed on interest based on the objection that the appellate had on any amounts about the award being distributed to Suzanne, which was contained in the letter of credit posted as a bond. And the judge said, okay, I'm only going to order that the award be distributed for now, and Suzanne, to her counsel, you can file a motion on interest. You can respond, and we'll have a hearing. And that's the way that it ended up happening. There were no experts. There was an argument in regards to what would be appropriate and what would not. The same issue that was already decided once in favor of the appellant in regards to the mandatory versus discretionary was raised. The judge, again, as she did in September and did again in April, again ruled that it's reasonable interest, reasonable or discretionary interest. There's only two kinds of interest. It's mandatory or it's discretionary. The judge called it reasonable. That doesn't take away from the fact that she was awarding discretionary interest. So, again, just to move into that, the judge said very clearly on page 12 of the September 22nd hearing, I am looking at reasonable interest, not judgment interest, but I do agree some interest needs to be awarded. And that was the context under which she made the finding that it would be reasonable interest. Quoted on page 15 of the same transcript to Mr. Rosenfeld for the appellant. The appellee, I respect your opinion on this, referring to mandatory interest. I disagree. I think I am just setting reasonable interest on this. So our view is that based on the argument and hearing that took place in September prior to the final appeal order of March 2nd, 2017, five months later, the judge had already ruled on reasonable interest and granted it. Now, one thing we have not gotten into yet in regards to your questions is the judge, and were asked by Your Honors, is that the issue is open. The issue is open in regards to interest because, one, there's an appeal. We don't know what's going to happen, whether there's going to be a remand or just a mandate with no direction. And once the remand or, sorry, once the mandate is issued under Rule 369B, Supreme Court Rule 369B, jurisdiction is reinvested in the trial court to address those issues. It specifically is for enforcement and for other proceedings. And I've listed case law in regards to the authority of the trial court to address interest post-appeal. I can get into those if you'd like, but it's very clear that Rule 369B takes the same ability that you brought up. The appellate court has the ability under 305H to address bond. Bond includes interest. Either party could have come to this court and said, we don't think the interest in the bond is enough, or we think it's too much. The power is specifically reserved by Rule 305B to this court. Once the mandate is issued, that same power is now transferred back to the trial court. The trial court has the authority under 369B, Supreme Court Rule 369B, to decide what to do with that bond, determine whether or not that bond was sufficient, and address enforcement and damages at that time. We cited multiple cases on that issue. If you want me to address the authority under 369, I will. The other issues that I think are before us that you need to hear are fourfold. The race judicata issue was obviously addressed by Justice McClaren, but we also have the idea that a post-appeal issue in regards to enforcement is not subject to race judicata because it is a continuation of the same case. Race judicata requires that there be a separate case. That's why we have the elements, same parties, same cause of action. In the second case, it's the first case. We don't have a second case. We have argued and we've made clear by citing Fresco that the race judicata does not apply when you're still in the same case. Well, if it's not race judicata, what about law of the case? So law of the case is actually based on the judge's findings prior to the appeal. The law of the case actually favors the appellee. The law of the case obviously is to limit re-litigation of previously decided issues in the same case. Our position, what the appellate wants you to hear, is that the law of the case provides for no interest because it wasn't addressed in the judicial dissolution, in the judgment of dissolution of marriage. There was an award given, but there's no interest award. That doesn't address the issue. The law of the case is what happened on September 22nd, five months prior to the final unappealable order of March 2nd, 2017, which was entered on reconsideration in September 22nd, 2016. The judge ordered reasonable interest be applied. Did so in the context of the bond hearing. Made sure that that bond included additional funds to cover interest. So the law of the case is actually that reasonable interest applies. That reasonable and discretionary interest will be applied to the award once paid. And all you can derive from that is it has to be something less than 9%. Less than 9% and above. Well, we're arguing that based on what the judge said, clearly it has to be less than 9%, something more than the 3% to 4% offered by Attorney Gruden in the trial court level. Again, they offer a $5.5 million letter of credit. The judge came up with 5.65 at the end of the day. But what I'm arguing is that the law of the case shows that prior to the final appealable order on September 22nd, 2016, the judge ordered reasonable interest. Did the judge say, as noted by Your Honors, did she say 6.5% on September 22nd? No. Did she clarify that on April 10th, 2019, what she meant when she made her order on September 22nd? Yes, she stated it absolutely clearly. When I set the bond, I anticipated 12 months of interest at 6.5%. And the way she came up with her final order was to take that same 6.5% over 12 months and extend it over the 27 months during which the appellee had no access to that money. She extended the exact same ruling that was made on September 22nd post-appeal. So it's consistent with the law of the case, and the law of the case actually favors. Now, the one point I also want to make is that this Court found in the Rommel v. Illinois State Toll Highway Authority case that the law of the case doesn't just encompass the Court's explicit decisions. It also includes those decisions decided by necessary implication. And here, by necessary implication, we have a ruling on September 22nd, 2016 that reasonable interest was ordered. And it's implied that it was ordered at 6.5%. The problem is, in this particular transcript from the 22nd, the Court pretty clearly says I think 5.5 million was a reasonable position for him to take. I'm looking at going a little bit higher than that based upon that interest you know is so low right now. Why couldn't she just say I'm looking at 6.5%? She could have. But at the same time, she didn't have to. Why not? Because in regards to the law of the case, in the context of the law of the case argument, she didn't need to because the ruling not only explicitly states that there will be a reasonable and discretionary interest. By implication, it makes clear that that interest is at the amount for the 12 months. She did explicitly state that this is supposed to cover 12 months with the understanding, it was quoted by her, or quoted by counsel, that with the understanding that this could take longer than 12 months. So that is the, what I'm arguing is that the law of the case stems from September 22nd, 2016. The appellant's position completely ignores that hearing, ignores that any rulings were made, ignores that rulings were made in their favor. So on that issue, the law of the case supports the judge's ruling on April 10th, which again was clarified. She does go into a discussion with both Mr. Rosenfeld and Mr. Grunn. You know, she asks, how'd you get that figure that Mr. Grunn had submitted? And he says something, and then Mr. Rosenfeld says something. And when she finds out that the number is about 200,000, that's when she says, well, I was thinking of going higher. But she still doesn't say what. And doesn't it make some sense that to get, and I assume this case took some time, but to get this case finished, she would say that at that point? Or she should say it, actually. Should she have said it? It possibly would have avoided our need to be standing before you today. I can't argue against that. It would have completely removed the picture that's being portrayed, that no rulings were made on that day about interest, which is obviously wrong. You're hearing that the question of discretionary interest, if I may conclude, the question of discretionary interest was never raised, commented on, or even hinted at by either party or the court before entry or final judgment is modified on reconsideration. In other words, there was no personal deliberation, decision, and judgment, much less explicit ruling whatsoever by the trial court on the issue of discretionary interest. That's the argument. That's from the opening brief on page 33. That's the entire tenet upon which the appellant bases its argument. And because it's demonstrably false, and that the September 22nd hearing did, in fact, cover those issues, there is sufficient basis to support both the law of the case. Obviously, res judicata does not apply. I've made the argument that the arguments being made on appeal are contrary to the prior arguments made, which renders them judicially a stop, that the process issue was addressed based on the fact of that hearing. And my arguments unwaver. I'll rest on the brief. Well, just to clarify one thing, is your position that de novo review is inappropriate? I would argue that the only way to challenge the award would be on an abuse of discretion basis in regards to the amount. They are not challenging the amount. We have not cross-appealed on the amount. So the issues of law before you are yours to decide. But we agree with your earlier comments that, yes, this should be an abuse of discretion standard on whether or not the award was appropriate. Thank you. Thank you, Your Honor. Mr. Adams, you may proceed. Okay. One thing that I would note here is that it wasn't addressed in the Appellee's Brief, which was brought up, and I would just bring it up briefly and draw your attention to it and not argue it here, is that the way that the judge structured the interest award that she did grant, it resulted in compound interest, which is clearly not permitted by the statute. The statute permits simple interest here, and there is no compound interest. What the judge did is she entered an award for the amount of interest, and she said if you don't pay it within this amount of time, a judgment will enter on this date, and then that judgment will in turn draw a statutory interest of 9%. That's interest on top of interest, and that's just not permitted. I'll rest upon the argument that I made in the opening brief. Again, that wasn't discussed by the Appellee in her responsive brief at all. Citation of authority for the concept that if a trial court did such a thing as to be nice to your client and not assess statutory interest but assess, oh, let's say 1% interest or 2%, as the record seems to indicate was offered when the bond was offered, and if the trial court later on had said, by the way, if you don't pay the judgment off at that percentage rate, then I'm going to enter judgment on the amount, and it will be at the statutory rate, and you're claiming that that is not proper, that's not authorized? What occurred here is the judge said, I'm determining this is the amount of the interest that is due. The judge said that if you don't pay that, you're going to have to pay interest upon that interest. What the judge under your scenario could have done is simply said, okay, if you don't pay it off by this point, then the interest rate will go up to this point here. But what the judge did is said, here's this blob of interest. I'm going to now reduce that down to another judgment, and I'm going to allow interest to accumulate on that. The statute here clearly says that it's simple interest, and the Halloran case that we spoke of says that the statute permits only simple interest. So I would rest on that with respect to the brief. When she entered a judgment on the amount and then applied statutory interest, would you not have had a right to file an appeal or a notice of appeal within 30 days thereafter and contest that issue? Because it was a new judgment, was it not? That judgment was all contained in those two orders. If you go to the back of the opening brief, that judgment was entered as a map. My point is you had the opportunity to appeal. I don't think that we needed to file another appeal when that judgment was entered as a matter of law and was automatic and self-evident. Because it was subsequent to the other judgments. It wasn't part and parcel or inherent in the other judgment that you appealed. The judgment we appealed from in this appeal were those two orders that were entered on that date. That order was what entered the judgment upon the interest judgment. It's all contained in that very single order. There was no need for us to file another notice of appeal thereafter. From what? There wouldn't have been another order entering that judgment. It was in those two orders. So I don't see how we would have ---- I guess I would not know what to file a notice of appeal from in that particular instance. Could you not have filed a motion for a stay of that aspect of that order? And if it had not been granted by the trial judge, come to this court during your appeal and claim that that should be stayed as well? No. Well, we might have done that, but we didn't choose to do that. What we chose to do was appeal from that order. And then Brian paid the interest to stop any further accumulation of interest pending this appeal. So that's the decision that he made. But he wasn't required to do what you said. And, again, I would state, if we're going to file another notice of appeal, from what order? From what order? It's all contained in those two orders that we filed that notice of appeal from. Now, I just want to briefly respond to the Appellee's Supreme Court Rule 369 argument, stating that Rule 369 somehow revested the trial court with original jurisdiction over this case. Sorry, Marco Rubio moment here. All that Rule 69 says is, quote, When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken. Okay. That's fine. But that doesn't say that all of a sudden the court is automatically revested with jurisdiction. Well, in your remand, in your mandate, you didn't remand the case for further proceedings. And I think the law is very clear that a court cannot go beyond, the appellate trial court cannot go beyond a reviewing court's mandate subsequent to that. And that's the argument that we made, and I think I addressed it pretty carefully in our reply brief. That being said, I'd like to thank all of you for your time. Wait a second. So you're saying that in any divorce case, if we don't remand it, that's it? Those parties are precluded from going to court all in the future? Absolutely not. I'm not saying that at all. I didn't think so. Okay. For example, if they get into a dispute about child support or interest. Or interest. And again, they file a new petition, which is a new plea, which starts up the proceedings there. I would never suggest that. But what I am suggesting is, is it didn't revest the trial court with jurisdiction over what was done in the original judgments. They can certainly go and seek a modification of the judge, you know, to remove a child, to do any of those things which are all provided for in the Illinois Marriage and Disability Act. Am I correct in thinking that Mr. Clapman was correct when he said that his client asked for the liquidation and the payment of the bond over to his client, and your client objected? Is that accurate or is that inaccurate? That my client objected to the bond? No, objected to the transfer of all the bond funds contained therein. And then, according to Mr. Clapman, claimed that the funds that were attributable to interest should not be transferred. What occurred was is we had said she was entitled to the $5.3 million, the amount that was in the original property award. And we then said that she wasn't entitled to statutory interest. And then we went before the judge and we briefed that issue, and then we had the hearing that we did, and that's what occurred. But at no point did Brian try and resist her getting the money that she was due on the initial property award. I didn't say that. I just asked if you then argued about the interest when the request was made to liquidate the bond. We did. There was, yeah. That whole thing was briefed and we talked about Finley. Their position at that point was they were entitled to automatic statutory interest, and we disputed that. And we argued that Finley applied. Any other questions? No, sir. Thank you. Thank you, Your Honor. If we have other cases in the call, there will be a short recess.